IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BRITTANY DAWN THOMAS,**

        **Petitioner,**

**v.**                                       **Civil Action No.: 3:22-CV-89 (GROH)**

**R. MCCAFFERY,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On May 16, 2022, Petitioner, an inmate then incarcerated[1] at SFF Hazelton in Bruceton Mills, West Virginia, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[2] Petitioner paid the $5.00 filing fee in this case on May 16, 2022. ECF No. 2. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party

---

[1] The docket sheet shows that Petitioner has subsequently been transferred to Federal Prison Camp Bryan, in Bryan, Texas. ECF No. 5.

[2] ECF Numbers cited herein refer to case number 3:22-CV-89 unless otherwise noted.

is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts. For the reasons set forth below, this Court recommends that the Petition be denied and dismissed without prejudice.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence in the Middle District of North Carolina[3]

On August 28, 2018, Petitioner and twenty-seven codefendants were charged in a superseding indictment with various drug trafficking offenses. ECF No. 160. On October 9, 2018, Petitioner entered into a written plea agreement to plead guilty to count one of the superseding indictment which charged her with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), 841(c)(2), 843(d)(2), and 846. ECF No. 282. A sentencing hearing was held February 13, 2019,[4] at which time the Court sentenced Thomas to 108 months' imprisonment. ECF No. 603 at 14. ECF No. 500 at 2.

On March 13, 2019, Petitioner filed a notice of appeal with the Fourth Circuit Court of Appeals. ECF No. 526. Petitioner's sentence was affirmed by the Fourth Circuit on February 19, 2020. ECF No. 776; United States v. Thomas, 794 Fed. App'x. 283 (4th Cir.), cert. denied, 207 L. Ed. 2d 1086, 141 S. Ct. 146 (2020). The Fourth Circuit ruled that the reduction of Petitioner's sentence from the mandatory-minimum 120-month sentence to 108 months was proper, and that the district court properly considered those factors when it denied Petitioner's request for further reduction. 794 Fed. App'x. at 284.

---

[3] Throughout section II.A. all ECF numbers refer to entries in the docket of Criminal Action No. 1:18-CR-303 from the Middle District of North Carolina, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing /the contents of court records.'").

[4] The Court's judgment was not executed by the Court and filed with the Clerk until February 27, 2019. ECF No. 500.

### B. Instant Petition for Habeas Corpus Under § 2241

Petitioner's sole ground for relief is that she was imprisoned under inhumane and unlawful conditions. ECF No. 1 at 5 – 6. Petitioner claims that on or about March 15, 2020, inmates at SFF Hazelton were placed on modified operations due to the COVID-19 pandemic. She asserts that these operations were inhumane and unlawful because of restricted and limited times out of cell for hygiene and personal calls. Id. Further, Petitioner claims that following a water main break on or about June 15, 2020, the entire facility was without water until June 23, 2020. Id. Petitioner claims that during this time, inmates did not have a way to shower or wash their hands and were required to defecate in styrofoam trays and plastic bags. Id. Petitioner claims that she feels "traumatized" and "as if [her] life is not valued whatsoever." Id. at 6. Petitioner admits that she did not present her grievance to the prison's internal grievance procedure because she feared retaliation by Hazelton staff. Id. at 8 – 9. Petitioner seeks a "reduction in sentence to compensate" her for her treatment at SFF Hazelton. Id. at 9.

### III. LEGAL STANDARDS

### A. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### B. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).

### IV. ANALYSIS

### A. Failure to State a Claim Upon Which Relief May be Granted

To the extent that the petitioner asserts that her conditions of confinement violate

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

the Eighth Amendment and seeks relief, the United States Court of Appeals for the Fourth Circuit has not specifically addressed, in a published opinion, whether such claims may be addressed in habeas corpus. Nonetheless, several panels of the Court have held that such challenges are not cognizable under 28 U.S.C. § 2241. See Wilborn v. Mansukhani, 795 Fed.Appx. 157, 163 (4th Cir. 2019) ("Seven of the ten circuits that have addressed the issue in a published decision have concluded that claims challenging conditions of confinement cannot be brought in a habeas petition.") (collecting cases); Rodriguez v. Ratledge, 715 Fed.Appx. 261, 266 (4th Cir. 2017) (conditions of confinement claims are not cognizable in a § 2241 petition); Braddy v. Wilson, 580 Fed.Appx. 172 (4th Cir. 2014) (dismissing habeas petition alleging a conditions of confinement claim as improperly brought under § 2241); Hardin v. Acting Warden F.C.I. Edgefield, 2020 WL 3259761, at *2 (D.S.C. May 6, 2020), report and recommendation adopted, No. 9:20CV1420-HMH-BM, 2020 WL 3259308 (D.S.C. June 16, 2020) (conditions of confinement claims are not cognizable under § 2241); United States v. Johnson, 451 F.Supp. 3d 436, 444 (D.Md. Apr. 3, 2020) (concluding that Fourth Circuit precedent precludes an inmate from asserting claims concerning exposure to COVID-19 under § 2241 or § 2255, because such a claim does not challenge the constitutionality of a sentence). "Thus, the weight of authority both within and outside this circuit suggests that, as a general matter, petitioners cannot challenge their conditions of confinement in a habeas corpus proceeding." Hallinan v. Scarantino, 466 F.Supp.3d 587, 602 (E.D. N.C. 2020).

For all of the above reasons, the Petitioner's challenge to her conditions of confinement deprives this Court of jurisdiction to consider her claims under § 2241. Accordingly, the petition should be dismissed without prejudice.

### B. Failure to Exhaust Administrative Remedies

Further, this court is without jurisdiction to adjudicate Petitioner's claims because she failed to exhaust her administrative remedies. Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

Pursuant to McClung, failure to exhaust may only be excused upon a showing of

cause and prejudice.  As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

The petition clearly states that Petitioner did not exhaust her remedies, but attempts to excuse her failure to exhaust.  Petitioner claims that she failed to exhaust through the prison's internal grievance procedure because she was "in fear of retaliation." ECF No. 1 at 9.  Regardless of Petitioner's basis for not pursuing administrative remedies, it is clear on the face of the petition that she did not file any administrative remedies, and has failed to assert that she was prevented or denied the opportunity to file the same. Without a showing of cause and prejudice, the Petitioner's failure to exhaust her administrative remedies deprives this Court of jurisdiction to consider her claims.

Accordingly, Petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider her petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and

7

dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to

her last known address as reflected on the docket sheet.

**DATED:**     December 2, 2022

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE